OPINION
Appellant Lisa Patterson is appealing her conviction, by the Muskingum County Court of Common Pleas, of one count of child endangering in violation of R.C. 2919.22. The facts giving rise to this appeal are as follows.
On December 18, 1994, the Muskingum Township Fire Department responded to an emergency call to a residence located on National Road in Muskingum County. The first medical personnel to arrive was Brenda Forker, a registered respiratory therapist and a paramedic with the Falls Township Squad. Upon entering the residence, Ms. Forker found three-year old Lacey Patterson lying on the couch. The child was very pale, lifeless, with bruises and scratches on her body. Ms. Forker found no pulse and the child was not breathing.
Ms. Forker began CPR, but was unable to get a pulse or breathing started. After the ambulance arrived, the child was moved to the emergency vehicle and Ms. Forker intubated the child and administered drugs. Despite Ms. Forker's efforts, the heart monitor continued to show no activity. The emergency squad transported the child to the hospital. Mary McGuire, a thirty-year emergency room registered nurse, testified at trial regarding the child's condition. Ms. McGuire noted bruises in various stages of healing. Further, the child's abdomen was distended, puffy and hard to the touch. At one point during the treatment, Mary McGuire asked appellant's co-defendant, Eric Patterson, what happened to the child in the last couple of days. He responded that she had fallen down the stairs two weeks prior to this incident. The emergency room employees were not able to resuscitate the child. At 5:01 a.m., Dr. Bovell declared the child dead. Due to the suspicious nature of her death, the coroner conducted an autopsy on the child's body.
As a result of the autopsy, the Muskingum County Grand Jury indicted appellant in August of 1995. The trial of this matter commenced on June 10, 1997. At trial, Dr. Patrick Fardal, a forensic pathologist with the Franklin County Coroner's Office, testified that he performed an autopsy on the child on December 19, 1994. The internal examination indicated that a small portion of the bowel had burst open allowing material from the inside of the bowel to go into the peritoneum cavity. He also observed peritonitis being present around the outside of the bowel.
Dr. Fardal further noted a hemorrhage into the wall of the bowel indicating that there had been an injury to the wall of the bowel and there was also hemorrhage into the mesentery of the child that caused hemorrhage into the tissues that supply the bowel. Dr. Fardal testified that the cause of death was a blunt force trauma to the abdomen, basically compressing the bowel against the backbone. Dr. Fardal stated that these injuries were inconsistent with a fall down a flight of steps nor would such injuries be caused by performing CPR.
Following deliberations, the jury found appellant guilty of child endangering, but did not find appellant guilty of the serious physical harm specification. The trial court sentenced appellant, on July 28, 1997, to six months in the Muskingum County Jail. Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 I. WHEN THE JURY ACQUITS THE ACCUSED OF A PHYSICAL HARM SPECIFICATION RELATED TO THE OFFENSE OF CHILD ENDANGERING, THE UNDERLYING CONVICTION CANNOT STAND AS A MATTER OF LAW.
 II. THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I
Appellant contends, in her first assignment of error, that since the jury acquitted her as to the specification dealing with serious physical harm, her conviction for child endangering must be reversed. We disagree.
The statute at issue is R.C. 2919.22 which provides, in pertinent part:
 (A) No person, who is the parent, guardian, custodian, person having custody or control, or person in loco parentis of a child under eighteen years of age * * * shall create a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support. * * *
 (B) No person shall do any of the following to a child under eighteen years of age * * *:
(1) Abuse the child;
(2) Torture or cruelly abuse the child;
* * *
 (E)(1) Whoever violates this section is guilty of endangering children.
 (2) If the offender violates division (A) or (B)(1) of this section, endangering children is a misdemeanor of the first degree, except that if the violation results in serious physical harm to the child involved, * * * endangering children is a felony of the fourth degree.
Thus, according to the above statute, a person may be convicted of endangering children, a felony of the fourth degree, if that endangerment results in serious physical harm to the child. If it does not result in serious physical harm, then child endangerment is a misdemeanor of the first degree.
Further, a review of the trial court's jury instructions to the jury indicates the trial court properly instructed the jury. The trial court charged the jury as follows:
 In case number CR95-140B, the Defendant Lisa Roberts Patterson, is charged with endangering children. Before you can find the Defendant guilty, you must find beyond a reasonable doubt that on or about the 18th day of December, 1994, and in Muskingum County Ohio, the Defendant, Lisa Roberts Patterson being the parent of Lacey Patterson, did recklessly create a substantial risk to the health or safety of Lacey Patterson, by violating a duty of care, protection, or support in that she failed to obtain reasonable medical treatment for Lacey Patterson, who had a serious medical condition and that she acted recklessly in that regard.
* * *
 If your finding is guilty as to the offense of endangering children, then you must further make a finding of whether or not the endangering caused serious physical harm. Tr. at 539-541.
According to the trial court's jury instructions, the jury first had to determine whether appellant was guilty of the charge of child endangering. If the jury found appellant guilty of child endangering, it then had to determine whether or not the endangering caused serious physical harm. In its verdict, the jury found appellant guilty of child endangering, but that appellant did not cause serious physical harm. Therefore, according to R.C. 2919.22(E)(2), the trial court properly sentenced appellant to a first degree misdemeanor. The fact that the jury did not find appellant guilty of the serious physical harm specification merely prevented the trial court from sentencing her to a fourth degree felony, it did not preclude her conviction for the charge of child endangering.
Appellant's first assignment of error is overruled.
 II
In her second assignment of error, appellant contends the trial court's verdict is against the manifest weight of the evidence. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380.
We find the jury's verdict finding appellant guilty of child endangering is not against the manifest weight of the evidence. The record in this matter supports the conclusion that the jury did not clearly lose its way when it found appellant guilty of child endangering. Although an internal injury caused the child's death, any person viewing the exterior of the child's body would immediately observe the many injuries. These injuries were testified to by Ms. Brenda Forker, Ms. Mary McGuire, Dr. Howard March and Dr. Patrick Fardal.
Due to the condition of the child's body, at the time of her death, there can be no doubt that appellant knew of these injuries, knew that her co-defendant Eric Patterson had inflicted these injuries, yet did nothing to protect her daughter. Based upon the testimony presented at trial, the jury did not lose its way in determining that appellant violated her duty of care in failing to seek proper medical treatment for her daughter.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is affirmed.